UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMELO VIRULICHE AVEROFF,

    Petitioner,                               Civil Action No. 16-CV-12825

vs.                                          HON. BERNARD A. FRIEDMAN

STEVEN RIVARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Carmelo Averoff, confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for armed robbery, Mich. Comp. Laws § 750.529. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. BACKGROUND**

Petitioner was charged with armed robbery, assault with a dangerous weapon, and being a fourth felony habitual offender. On the day of trial, petitioner entered a no-contest plea to the armed robbery charge. In exchange for the plea, the prosecutor agreed to dismiss the assault with a dangerous weapon charge and the supplemental information charging petitioner with being a fourth felony habitual offender. The prosecutor also agreed that petitioner's minimum sentence would be no greater than ten years. Prior to taking the plea, the judge noted that interpreter Tamara Brubaker was present for petitioner, swore her in, and asked petitioner, (Tr. 9/2/14 p. 3.):

1

>THE COURT: All right. And sir, do you need an interpreter? I understand your English is fairly good.
>
>THE DEFENDANT: Yeah. I don't need it though.
>
>THE COURT: You don't need an interpreter?
>
>MR. MILLER [Defense Counsel]: We thought because of some of the legal issues and things that would be explained, that we should have an interpreter here.
>
>THE COURT: All right. Well, let---I'm going to do this: Ms. Brubaker, if you would just stay there. Sir, if you don't understand anything just ask her.
>
>THE DEFENDANT: Yes.

The judge then engaged in a long colloquy with petitioner, who responded to the judge's questions and comments. The prosecutor placed the terms of the plea bargain on the record several times, and petitioner acknowledged that it was an accurate reflection of the agreement. The prosecutor indicated that, if convicted of all charges, petitioner's sentencing guidelines would be 126–420 months. The judge explained to petitioner that the plea agreement set his minimum sentence at no more than ten years, but that if he was convicted after a trial he could receive a minimum sentence of anywhere between ten and a half to thirty five years.

The judge gave petitioner time to speak with his attorney, after which petitioner indicated that he wished to plead no-contest. He was advised several times that the maximum penalty for the armed robbery charge was life in prison. The judge again indicated on the record that Ms. Brubaker was available as an interpreter to translate for petitioner if he needed this, but petitioner said that he understood the proceedings. The judge advised petitioner at length of the rights he relinquished by pleading guilty. Petitioner responded appropriately to all of the judge's questions and comments. The judge accepted petitioner's no-contest plea. (*Id.* at pp. 4–11.)

Prior to sentencing petitioner moved to withdraw his no-contest plea. At sentencing, petitioner's counsel indicated that petitioner wished to withdraw his plea because he did not understand it and was innocent. (Tr. 9/25/14 p. 3.) The judge denied the motion, explaining that he had gone over petitioner's rights with him before accepting his plea and—given that petitioner had eight prior felony convictions, one prior misdemeanor conviction, had been sentenced to jail twice, been on probation three times, and been to prison three times—he was "very familiar with the legal system." (*Id.* at pp. 4–5.) The judge sentenced petitioner to 10 to 50 years in prison. (*Id.* at pp. 7–8.)

The Michigan Court of Appeals and Michigan Supreme Court affirmed petitioner's conviction and sentence. *People v. Averoff,* No. 326487 (Mich. Ct. App. Apr. 29, 2015); *lv. den.* 498 Mich. 886, 869 N.W.2d 609 (2015).

Petitioner seeks a writ of habeas corpus on the following ground:

I.  The trial court, Michigan Court of Appeals, and the Michigan Supreme Court erred in holding that the trial court did not abuse its discretion by denying Mr. Averoff's pre-sentence motion to withdraw his no contest plea when it was in the interests of justice and there was no evidence that plea withdrawal would cause substantial prejudice to the prosecution, U.S. Const. Am. XIV; Mich. Const. 1963, Art 1, § 17. The Defendant must be able to withdraw his plea and in the alternative the defendant must be resentenced.

II. Mr. Averoff's Sixth and Fourteenth Amendmen rights were violated by judicial fact finding that increased the floor of the permissible sentence on the charge of armed robbery in violation of *Alleyne v. United States*.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

> granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

In the present case, AEDPA's deferential standard of review applies because the boilerplate rejections of petitioner's application for leave to appeal by the Michigan Court of Appeals and the Michigan Supreme Court amounted to decisions on the merits. *See Werth v. Bell*, 692 F.3d 486, 492–94 (6th Cir. 2012).

### III. DISCUSSION

#### A. Claim I: Plea Withdrawal

Petitioner argues that he should have been permitted to withdraw his plea for three reasons: First, his plea was not knowingly or intelligently made because he was confused about the potential sentence and "distressed." Second, he did not understand the terms of the plea agreement due to his inability to understand English and limited education. Third, under M.C.R. 6.310 he should have been permitted to withdraw his plea because he moved to do so before sentencing and there would have been no prejudice to the prosecutor.

Regarding petitioner's first argument, the Court notes at the outset that petitioner "has no federal constitutional right to withdraw his . . . plea." *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013) (unpublished). Unless petitioner's plea "violated a clearly-established constitutional right, whether to allow the withdrawal of a" petitioner's plea is left entirely to the state court's discretion. *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). A no-contest plea "entered in state court must be voluntarily and intelligently made." *Id.* at 749. That is, petitioner must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991). The Court upholds the "plea if the circumstances demonstrate that [petitioner] understood the nature and consequences of the charges and voluntarily" pleaded no-contest. *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

> When a [petitioner] subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the plea was properly generally are accorded a presumption of correctness.

*See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

In the present case, the evidence shows that petitioner freely and voluntarily pleaded no-contest. Petitioner was advised several time of the maximum penalty for the armed robbery charge and the rights that he would be waiving by pleading no-contest. Petitioner was advised of the terms of the plea and sentencing agreement several times and acknowledged that these were the complete terms of the agreement. In response to the state court's questions, petitioner denied that any additional promises had been made or that he had been threatened to extricate from him a no-contest plea. In sum, the transcript and colloquy clearly establish that petitioner's plea was knowingly and intelligently made. *Shanks*, 387 F. Supp. 2d at 749.

Petitioner further claims that he did not understand the proceedings because he speaks minimal English. The transcript shows that an interpreter was provided to petitioner and he was informed by the judge and his defense counsel that he could consult with her if he had difficulty understanding anything being said. Petitioner indicated several times on the record that he understood English and did not need the interpreter. The plea colloquy shows that petitioner appeared able to understand the judge's questions and responded appropriately in English. Under the circumstances, petitioner fails to show that he did not understand the plea proceedings or that he is entitled to the withdrawal of his plea. *See United States v. Riascos-Suarez*, 73 F.3d 616, 621–22 (6th Cir. 1996) (defendant's limited understanding of English did not provide a sufficient reason for withdrawing a plea when, during the plea hearing, the court

took pains to ensure that defendant understood proceedings, an interpreter was present, and defendant stated that he understood his plea), *abrogated on other grounds by Muscarello v. United States*, 524 U.S. 125, 138 (1998).

Petitioner further argues that he should have been permitted to withdraw his no-contest plea by the state trial court based upon his assertions of innocence. "Bald assertions of innocence are insufficient to permit a [petitioner] to withdraw his guilty plea." *United States v. Jones*, 336 F.3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (quoting *United States v. Brown*, 250 F.3d 811, 815 (3rd Cir. 2001)). "'[M]ere assertion of innocence, absent a substantial supporting record,' is insufficient to overturn a guilty plea, even on direct appeal." *Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (quoting *United States v. Ludwig*, 972 F.2d 948, 951 (8th Cir.1992)).

In the present case, petitioner presents no evidence or reasonable arguments that he is innocent. His conclusory assertion of innocence is devoid of support and a mere recantation; thus, it is insufficient to overturn his no-contest plea.

Finally, to the extent that petitioner argues that Mich. Ct. R. 6.310 or any other Michigan Court Rule permits him to withdraw his plea, he is not entitled to habeas relief because this is a state law claim non-cognizable on habeas review. *See Phipps v. Romanowski,* 566 F. Supp. 2d 638, 647 (E.D. Mich. 2008). In sum, petitioner is not entitled to relief on his first claim.

### B. Claim II: Sentencing

Here, petitioner first argues that the state court incorrectly scored several offense variables under the Michigan Sentencing Guidelines. Second, he argues that his counsel was ineffective for failing to object to the scoring of the sentencing guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated the sentencing guidelines range under the Michigan Sentencing Guidelines is not cognizable because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007). "[E]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range does not entitle him to habeas relief because such a departure does not violate petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

Here, petitioner argues that the state court violated his Sixth Amendment right to a trial by jury because it used factors to score his guidelines that were not submitted to a jury or proven beyond a reasonable doubt.[1] Insofar as petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), it is inapplicable. There, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime must be proven beyond a reasonable doubt. *Alleyne* is inapplicable to the instant case because it "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range, such as happened to" petitioner. *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014).

The Court is aware that the Michigan Supreme Court recently relied on *Alleyne* in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge*, 498 Mich. 358 (Mich. 2015). But petitioner cannot obtain relief through *Lockridge* because "AEDPA prohibits use of lower court decisions in determining

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n.7 (2003). The maximum sentence is not determined by the trial judge, but by law. *See People v. Claypool,* 470 Mich. 715, 730, n.14 (2004).

8

whether the state court decision is contrary to, or is an unreasonable application of, clearly established federal law." *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Consequently, "*Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 16-CV-206, 2016 WL 1068744, *5 (W.D. Mich. Mar. 18, 2016). "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.* at *6. *See also Perez v. Rivard,* No. 14-CV-12326, 2015 WL 3620426, *12 (E.D. Mich. June 9, 2015) (holding that the petitioner was not entitled to habeas relief on his claim that his guidelines scoring violated *Alleyne*).

Petitioner further contends that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines. "There exists a right to counsel during sentencing." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012).

To show that he was denied effective assistance of counsel under federal constitutional standards, petitioner must satisfy a two prong test. First, petitioner must show that, in light of all of the circumstances, counsel's performance was so deficient that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Second, petitioner must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner was not prejudiced by counsel's failure to object to the scoring of the sentencing guidelines variables because his sentence would not have changed even had counsel

9

successfully objected to the scoring of this variable. Petitioner indicates that his sentencing guidelines would have been 81–135 months had counsel objected to the scoring of the guidelines variables. Petitioner's minimum sentence of 120 months was within the limits of this sentencing guidelines range. Even if the state court had calculated the sentencing guidelines as petitioner wishes, it nonetheless could have imposed the very same sentence without violating the state sentencing guidelines range. Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence had the offense variables of the guidelines been scored differently, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," petitioner has not sufficiently shown prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Because petitioner's claim that he was prejudiced by counsel's failure to object to the sentencing guidelines is speculative, he is not entitle to relief.

## IV. CONCLUSION

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a federal constitutional right, and leave to appeal *in forma pauperis* is denied because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002),

        s/Bernard A. Friedman
        BERNARD A. FRIEDMAN
        SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 27, 2017
      Detroit, Michigan

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF system to their respective email or First Class U. S. Mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

        s/Teresa McGovern
        Case Manager Generalist